UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| JOHNNY EDWARD MCMAHON, | Case No. 3:18-cv-00002-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Respondents. | |

Petitioner has filed a habeas petition under 28 U.S.C. § 2254 without properly commencing the action by paying the filing fee or filing a pauper application.

It does not appear that a dismissal without prejudice would materially impact the analysis of either a substantial successive petition issue and/or the application of the limitation period in a promptly filed new action or otherwise cause substantial prejudice.[1]

---

[1] By petitioner's own admission, this is a second or successive petition. Petitioner previously challenged his custody under the same judgment of conviction (state Case No. 06-220825) in this Court in Case No. 2:12-cv-00774-MMD-CWH and Case No. 2:14-cv-00076-APG-CHW. While No. 2:12-cv-00774-MMD-CWH was dismissed on procedural grounds, No. 2:14-cv-00076-APG-CWH was denied on the merits on September 29, 2017. Petitioner's appeal of that decision is currently pending. Additionally, petitioner has filed an application with the Ninth Circuit for permission to file a second or successive petition, which also remains pending. Review of online judicial dockets reflects that there have been no intervening amended or corrected judgments of conviction in the state district court. Because the Ninth Circuit has not granted petitioner leave to file a second or successive petition at this time, litigation of the successive petition issue in this case will not be materially impacted by a dismissal of the current action without prejudice.

With regard to timeliness, the conviction petitioner challenges was affirmed on direct appeal on October 16, 2009, and the time to file a certiorari petition expired on January 14, 2010. Thereafter, petitioner filed a timely state petition on May 21, 2010. One hundred and twenty-six (126) days elapsed between the date petitioner's judgment became final and the date he filed his first state postconviction petition. Proceedings on the first petition remained pending through issuance of the remittitur on July 10, 2013, and the limitations period was tolled during the pendency of the first petition. Although
*(fn. cont…)*

This improperly commenced action therefore will be dismissed without prejudice.

It is therefore ordered that this action is dismissed without prejudice.

It is further ordered that a certificate of appealability is denied. Jurists of reason would not find debatable whether the Court was correct in its dismissal of the action without prejudice on procedural grounds, for the reasons discussed herein.

It is further ordered, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

It is further ordered that the Clerk of Court send petitioner a copy of his papers in this action, along with copies of the forms and instructions for an inmate pauper application and habeas petition.

It is further ordered that the Clerk of Court enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 5th day of January 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

*(…fn. cont.)*
petitioner filed a second state postconviction petition before the clock began to run again, the Nevada Supreme Court affirmed denial of the petition on the grounds that it was, among other things, untimely. The second petition therefore did not toll the limitations period. Nor did petitioner's federal habeas petition, which has been constructively pending since January 10, 2014, toll the limitations period. Petitioner also filed numerous other postconviction motions in state court before the expiration of the limitations period. However, even assuming any of those could be considered properly filed applications for collateral review, those motions have been finally resolved since no later than October 15, 2014, when remittitur issued on the Nevada Supreme Court's denial or dismissal of the appeal on those motions. Thus, absent other tolling or delayed accrual, the federal limitation period expired at the absolute latest on June 11, 2015. *See* 28 U.S.C. § 2244(d). Accordingly, litigation in a promptly filed new action of the timeliness issue presented by the foregoing writ history would not be materially impacted by a dismissal without prejudice of the present action, and that timeliness issue would be reached only if petitioner overcame the substantial successive petition issue that would be presented in the first instance.